UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 19-201(2) (PAM/DTS) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Manuel Rodrigo Acevedo, | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge David T. Schultz dated December 9, 2019. (Docket No. 89.) The R&R recommends granting Defendant Manuel Rodrigo Acevedo's Motion to Suppress. The Government filed timely objections to the R&R (Docket No. 96) and Defendant responded to those objections. (Docket No. 97.) The matter is now ripe for this Court's review, which is de novo. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). For the following reasons, the Court declines to adopt the R&R.

**BACKGROUND**

The full factual background in this matter is set forth in the thorough R&R and will not be repeated here. Facts necessary to an understanding of the legal discussion will be incorporated into that discussion below.

On July 11, 2019, officers arrested Defendant Manuel Rodrigo Acevedo following a controlled drug buy in Crystal, Minnesota. (R&R at 2, 4.) Acevedo filed a Motion to Suppress evidence, arguing that his warrantless arrest was not supported by probable cause,

and thus resulted in an illegal search and seizure.  (Docket No. 44.)  The R&R agreed that

the arrest was not supported by probable cause and that, as a result of that error, the

evidence discovered through subsequent search warrants and a positive identification of

Acevedo were fruit of the poisonous tree.  (R&R at 5.)  The R&R therefore recommended

granting Acevedo's Motion to Suppress.

**DISCUSSION**

> **A.      Guerrero-Aguilar's Statement and Acevedo's Arrest**

To comport with the Fourth Amendment, a warrantless arrest is lawful only "if the

officer has probable cause to believe the person has committed a crime."  Peterson v. Kopp,

754 F.3d 594, 598 (8th Cir. 2014).  That belief must be "particularized with respect to the

person to be [arrested]."  Maryland v. Pringle, 540 U.S. 366, 371 (2003).  "In assessing the

question of probable cause in this case, we consider whether the facts and circumstances

are sufficient 'to warrant a man of reasonable caution in the belief that' [the defendant] was

involved in the commission of a crime."  United States v. Chauncey, 420 F.3d 864, 870

(8th Cir. 2005) (quoting Brinegar v. United States, 338 U.S. 160, 175-76 (1949)).

Probable cause is established through the "totality of the circumstances"

surrounding an arrest.  Illinois v. Gates, 462 U.S. 213, 230 (1983).  "In determining whether

probable cause exists, [the Court does] not evaluate each piece of information

independently; rather, [it] considers all of the facts for their cumulative meaning."  United

States v. Allen, 297 F.3d 790, 794 (8th Cir. 2002) (citing United States v. Morales, 923

F.2d 621, 623-24 (8th Cir. 1991)).  Officers may draw on their law-enforcement experience

when making such an evaluation.  United States v. Cortez-Palomino, 438 F.3d 910, 913 (8th Cir. 2006).

On July 11, 2019, law enforcement agents observed Acevedo's codefendant Guerrero-Aguilar enter a Honda Pilot in a Marshalls parking lot.  (R&R at 3.)  The R&R based its decision in part on the fact that officers could not see the activity in the Honda, and therefore could not see any drugs changing hands.  (Id. at 7.)  But that is unnecessary in this case where officers saw Guerrero-Aguilar and Acevedo in the Honda immediately before the controlled buy, and Guerrero-Aguilar's statements confirmed officers' observations.  Additionally, four pounds of methamphetamine can easily be concealed on a person's body.  It contradicts common sense to think that officers must actually observe drugs changing hands in order to establish probable cause.

Fifteen minutes later, Guerrero-Aguilar, now outside the Honda, met with a confidential human source ("CHS") for a scheduled drug buy.  (Id. at 3.)  Police then arrested Guerrero-Aguilar, who during his police interview stated that he obtained the methamphetamine from a man named "Sapito" in the Honda.  (Id. at 4.)  When shown Acevedo's picture, Guerrero-Aguilar identified Acevedo as Sapito.  (Id.)  Because two men were in the Honda with Guerrero-Aguilar when he claims he received the methamphetamine, both men knew of the deal, and it was appropriate for police to arrest both men in the Marshalls parking lot.  See United States v. Johnson, 28 F.3d 1487, 1495 (8th Cir. 1994).

The close temporal proximity of Guerrero-Aguilar and Acevedo's meeting in the Honda and Acevedo's nearby location at the time of his arrest is significant.  Guerrero-

Aguilar told law enforcement that he planned to meet Acevedo at a nearby restaurant after the controlled buy, so Acevedo's remaining close to the restaurant further substantiates Guerrero-Aguilar's statement.

Guerrero-Aguilar's statement implicating Acevedo confirmed law enforcement's observations that Guerrero-Aguilar met with someone in the Honda only 15 minutes before the scheduled drug-buy with the CHS. "[E]ven though [Guerrero-Aguilar] had no record as an informant, the information he provided was sufficiently credible both because his statements were against his penal interest and because the police were able to corroborate some of the information he provided." Allen, 297 F.3d at 794. Law enforcement afforded Guerrero-Aguilar's positive identification appropriate weight.

**B.    Searches**

The R&R determined that because Acevedo's arrest was unconstitutional, the evidence found on his person, in the Honda, and in his hotel room should be suppressed as fruit of the poisonous tree. The Court disagrees, and will address each search in turn.

First, the hotel room key was found in Acevedo's pocket during the search incident to his lawful arrest. A search incident to arrest "may include a search of the arrestee's person to remove weapons and seize evidence to prevent its concealment or destruction." Schaffer v. Beringer, 842 F.3d 585, 593 (8th Cir. 2016) (quotation omitted). That is precisely what occurred here. Thus, the Motion is denied as to the hotel key.

Second, the search of Acevedo's hotel room performed pursuant to a search warrant was likewise constitutional. "The existence of probable cause depends on whether, in the totality of the circumstances, 'there is a fair probability that contraband or evidence of a

4

crime will be found in a particular place.'" United States v. Solomon, 432 F.3d 824, 827 (8th Cir. 2005) (quoting United States v. Murphy, 69 F.3d 237, 240 (8th Cir. 1995)). The issuing judicial officer's determination of probable cause is given "great deference." United States v. Leon, 468 U.S. 897, 914 (1984) (quotation omitted). Law enforcement obtained a warrant to search Acevedo's hotel room after a narcotics dog alerted outside the hotel-room door, establishing probable cause that drugs would be found inside. (R&R at 17.) Therefore, Motion is denied as to the search of the hotel room and the items seized therein.

Third, the search warrants for the Honda and the cellphone found inside the Honda were similarly supported by probable cause. (Gov. Exs. 1 and 2.) Therefore, the warrants and subsequent searches were valid, and the evidence discovered is not fruit of the poisonous tree.

Accordingly, **IT IS HEREBY ORDERED** that:

1.    The Court **DECLINES** to adopt the R&R (Docket No. 89); and

2.    Defendant Manuel Rodrigo Acevedo's Motion to Suppress (Docket No. 44) is **DENIED**.

Date: January 24, 2020

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge